```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
REY DAVID AGUIRRE,                 )
         Plaintiff,                )
                                   )
     v.                            )    C.A. No. 15-161 S
                                   )
ALEXANDER KOUMANELIS and           )
ALFONSO J. ESQUER,                 )
         Defendants.               )
_____)
```

MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Plaintiff Rey David Aguirre has filed a pro se civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The Court is required to screen the Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. Having done so, the Court concludes that Aguirre has failed to state a claim on which relief may be granted.

I. Background

Aguirre filed his original Complaint (ECF No. 1) on October 30, 2014, in the United States District Court for the District of Arizona. He subsequently filed an Application to Proceed in Forma Pauperis (ECF No. 3), a Motion to Request Change of Venue (ECF No. 8), and a First Amended Complaint (ECF No. 12).[1]

---

[1] Aguirre also filed two Motions to Show Additional Disclosure (ECF Nos. 9, 10).

In his First Amended Complaint, Aguirre names as Defendants Alexander Koumanelis, a Special Agent with the Drug Enforcement Administration, based in Rhode Island, and Alfonso J. Esquer, also a Special Agent with the DEA, based in Arizona. Aguirre alleges that Defendants violated his rights to due process under the Fifth and Fourteenth[2] Amendments to the U.S. Constitution and his right to bear arms under the Second Amendment. Specifically, in Count I, Aguirre claims that his right to "due process was violated when the defendants knowingly used evidence belonging to another individual. Such evidence was entered into another individual's file a day after the Plaintiff was indicted with this evidence." (Am. Compl. 3.)[3] He also alleges that Defendants committed perjury "when under oath they testified saying that a cell phone was taken of the Plaintiff which was used to commit such a crime." (Id.) As a result of Defendants' actions, Aguirre states, he received a ten and one-half year prison sentence.[4] (Id.) In addition, in Count II Aguirre claims

---

[2] The Fourteenth Amendment pertains to state actors, see U.S. Const., amend, XIV, § 1, while the Fifth Amendment applies to federal actors, see id., amend. V. The Court presumes that Aguirre's second count also arises under the Fifth Amendment.

[3] Citation reflects that of the electronic docket.

[4] It appears from the exhibits attached to the Amended Complaint that the charge(s) for which he was convicted involved a drug transaction. (Am. Compl.) He is currently incarcerated in an Arizona state prison. (Id. at 1.)

that "the Defendants used false evidence and p[e]rjured testimony in a State court to secure a conviction. Thus depriving the Plaintiff of his liberty, life, and property." (Id. at 4.) Finally, in Count III Aguirre asserts that, although he was legally able to bear arms, "[h]is arms were taken by the defendants with no crime committed with any arms. The defendants infringed the Plaintiff's rights to keep and bear arms." (Id. at 5.) He claims to have lost this right due to Defendants' actions. (Id.) Aguirre seeks a variety of compensatory damages. (Id. at 6.)

In an Order dated April 22, 2015 (ECF No. 13), the District of Arizona court granted Aguirre's Application to proceed in forma pauperis and Motion for Change of Venue. The court stated that: "This action is transferred to the District of Rhode Island for further proceedings, including screening of the revised[5] First Amended Complaint (Doc. 12) and the two pending 'Motions to Show Additional Disclosure' (Docs. 9, 10)." Aguirre v. Koumanelis, No. CV 14-02452-TUC-RM (D. Ariz. Apr. 22, 2015) (Marquez, J.) (order granting motions to proceed in forma

---

[5] Agiurre filed a First Amended Complaint (ECF No. 6) in the District of Arizona on December 31, 2014. That document was stricken because it contained sensitive information, and Aguirre was ordered to file a new version of his pleading which redacted said information. (ECF No. 11.) See Aguirre v. Koumanelis, No. CV 14-02452-TUC-RM (D. Ariz. Feb. 18, 2015) (Marquez, J.) (order striking amended complaint).

3

pauperis and for change of venue). The case was transferred to this Court on April 23, 2015.

II. Law

A. Screening under § 1915(e)(2) and § 1915A

In connection with proceedings in forma pauperis, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action, inter alia, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2).[6] Similarly, § 1915A directs courts to screen complaints filed by prisoners against a governmental entity, officer, or employee of such entity and dismiss the complaint, or any portion thereof, for reasons identical to those set forth in § 1915(e)(2). 28 U.S.C. § 1915A.[7]

---

[6] Section 1915(e)(2) states:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

[7] Section 1915A provides in relevant part:

(a) Screening.-- The court shall review, before docketing, if feasible or, in any event, as soon as

4

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) and § 1915A is identical to the standard used when ruling on a Rule 12(b)(6) motion. See Fridman v. City of New York, 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002); see also Pelumi v. Landry, No. CA 08-084ML, 2008 WL 2660968, at *2 (D.R.I. June 30, 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). In making this determination, the Court must accept a plaintiff's well-pled allegations as true and construe them in the light most favorable to him. See Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999); Greater Providence MRI Ltd. P'ship v. Med. Imaging Network of S. New England, Inc., 32 F. Supp. 2d 491, 493 (D.R.I.

---

practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.-- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a
    claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is
    immune from such relief.

28 U.S.C. § 1915A.

1998). Although the Court must review pleadings of a pro se plaintiff liberally, Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Court need not credit bald assertions or unverifiable conclusions, Iqbal, 556 U.S. at 678-79.

B. Bivens

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court stated that "[i]n Bell v. Hood, 327 U.S. 678 . . . (1946), we reserved the question whether violation [of the Fourth Amendment] by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct. Today we hold that it does." Id. at 389; see also id. at 397 ("Having concluded that petitioner's complaint states a cause of action under the Fourth Amendment, [] we hold that petitioner is entitled to recover money damages for any injuries he has suffered as a result of the agents' violation of the Amendment."). "This cause of action is the federal equivalent to [42 U.S.C.] § 1983 suits against state officials." Morales v. Chadbourne, 996 F. Supp. 2d 19, 28 (D.R.I. 2014) (quoting Soto-Torres v. Fraticelli, 654 F.3d 153, 158 (1st Cir. 2011)).

III. Discussion

Aguirre purports to seek monetary damages for violation of his Second and Fifth Amendment rights to bear arms and to due

6

process, respectively. However, in reality he is challenging the validity of his conviction.[8] (See, e.g., Am. Compl. 3) (noting use of evidence belonging to another and perjured testimony, resulting in ten and one-half years' incarceration); (id. at 4) (noting use of false evidence and perjured testimony to secure conviction, resulting in loss of liberty, life, and property). This he cannot do under Bivens.

The proper vehicle for a federal court challenge to the fact or validity of a state prisoner's confinement is a proceeding under 28 U.S.C. § 2254. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnote omitted); see also id. at 489-90 ("a § 1983 cause of action for damages attributable to an

---

[8] In his original Complaint, Aguirre sought to have his conviction overturned and his sentence vacated. (Compl. 6.) He has dropped that request in the First Amended Complaint. (Am. Compl. 6.)

7

unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated").

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 487; <u>see also</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 79 (2005) ("[A] § 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement."); <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."). The same is true for a state prisoner's action against federal officials under <u>Bivens</u>. <u>See</u> <u>Pandey v. Freedman</u>, 66 F.3d 306, 1995 WL 568490, at *1 (1st Cir. 1995) (noting that, under <u>Heck</u>, plaintiff "cannot establish the elements of a <u>Bivens</u> action until his conviction has been declared invalid or otherwise impugned") (quoting <u>Stephenson v. Reno</u>, 28 F.3d 26, 27 (5th Cir. 1994)); <u>see also</u> <u>Tavarez v. Reno</u>, 54 F.3d 109, 110 (2d Cir. 1995) (concluding that <u>Heck</u> should apply to <u>Bivens</u> actions as well as suits under § 1983); <u>Stephenson</u>, 28 F.3d at 27 ("for purposes of a civil rights

8

action implicating the validity of a conviction, there should be no distinction between state and federal prisoners").

Here, Aguirre seeks damages for violations of his rights to due process and to bear arms. However, because "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction," Heck, 512 U.S. at 481-82, he cannot proceed with his claim unless and until his conviction has been somehow invalidated, id. at 487.

Accordingly, Aguirre's Bivens action is DISMISSED without prejudice to being brought in a proceeding under 28 U.S.C. § 2254.[9] The Motions for Additional Disclosure are DENIED as moot.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date: May 29, 2015

---

[9] The Court notes that Aguirre has brought a previous lawsuit pursuant to § 1983 against Defendant Esquer, along with a state entity and employee, based on the same incident involved in this case and raising the same allegations against Esquer. See Aguirre v. Ortiz, No. CV 14-2258-TUC-JAS (D. Ariz.). That case was also dismissed without prejudice to being pursued under § 2254. See id. (D. Ariz. Jan. 7, 2015) (Soto, J.) (order dismissing case without prejudice).